IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
No. x:xx-cv-xxxxx

| | |
|---|---|
| DEBORAH BROWN,<br><br>PLAINTIFF,<br><br>ADORATION HOME HEALTH & HOSPICE, INC. and RES-CARE, INC. d/b/a BRIGHTSPRING HEALTH SERVICES,<br><br>DEFENDANTS. | COMPLAINT |

**NOW COMES,** Deborah Brown (the "Plaintiff"), by and through counsel, and shows the Court as follows:

**PARTIES**

1. Deborah Brown, resides at 105 Wildwood Ct, Maiden, Catawba County, North Carolina 28650 and is a citizen of North Carolina.

2. Adoration Home Health & Hospice, Inc. (the "Defendant 1" and also "Adoration Health") is a corporation properly formed under the laws of the State of Delaware, and registered as a foreign corporation under the laws of the State of North Carolina with the authority to transact business in the State of North Carolina.

3. Defendant 1's principal place of business is 805 N. Whittington Parkway, Suite 400 Louisville, Jefferson County, Kentucky 40222.

4. Defendant 1's North Carolina registered agent is Corporation Service Company, 2626 Glenwood Ave, Suite 550, Raleigh, Wake County, North Carolina, 27608.

5. Res-Care, Inc. d/b/a BrightSpring Health Services (the "Defendant 2" and also "ResCare") is a corporation properly formed under the laws of the State of Kentucky, and registered as a foreign corporation under the laws of the State of North Carolina with the authority to transact business in the State of North Carolina.

6. Defendant 2's principal place of business is 805 N. Whittington Parkway, Suite 400, Louisville, Jefferson County, Kentucky 40222.

7. Defendant 2's North Carolina registered agent is Corporation Service Company, 2626 Glenwood Ave, Suite 550, Raleigh, Wake County, North Carolina, 27608.

**JURISDICTION**

8. Jurisdiction is proper under 28 U.S.C. §1332(a), which provides for federal diversity jurisdiction.

9. In order to establish diversity jurisdiction, a party must show: (1) the parties are completely diverse, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant, and (2) the amount in controversy exceeds $75,000. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)

10. Plaintiff is domiciled in, and therefore a citizen of, the State of North Carolina.

11. Defendant 1 is incorporated in Delaware with a principal place of business in Kentucky, and therefore is a citizen of both Delaware and Kentucky.

12. Defendant 2 is incorporated in Delaware with a principal place of business in Kentucky, and therefore is a citizen of both Delaware and Kentucky.

13. Defendant 1 is a wholly owned subsidiary of Defendant 2 (hereinafter collectively referred to as the "Defendants").

14. Because the Plaintiffs and Defendants are citizens of different states, complete diversity of citizenship exists between the parties for the purposes of diversity jurisdiction under 28 U.S.C. §1332(a)(1).

15. The general rule to determine whether the minimum amount in controversy is met is that courts judge the amount in controversy from the complaint's allegations. *Decker v. USAA Cas. Ins. co.*, y683 F. supp. 3d 488, 491 (M.D.N.C. 2023).

16. "Courts look to a plaintiff's complaint to determine the amount in controversy, provided the complaint is made in good faith." *JTH Tax, Inc. v. Frashier*, 6234 F.3d 635 (4th Cir. 2010).

17. "It is fundamental that each plaintiff must demonstrate the jurisdictional basis and allege the necessary amount in controversy." *Feikema v. Texaco, Inc.*, 16 F.3d 1408, 1412 (4th Cir. 1994).

18. Plaintiff's requested prayers for relief are made in good faith and exceed $75,000.00, exclusive of interest and costs; therefore, the minimum amount in controversy requirement has been met.

19. Because the Plaintiffs have complete diversity of citizenship from the Defendants and the individual Plaintiffs have each met the minimum amount in controversy, this District Court has original jurisdiction over this matter.

20. Because this matter occurred in North Carolina and the District Court only has original jurisdiction due to diversity of citizenship this matter is governed by North Carolina law. *Erie Railroad co. v. Thompkins*, 304 U.S. 64 (1938).

**VENUE**

21. A civil action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. S 1391(b)(2).

22. Plaintiff was employed until the time of termination at Defendants' local place of business, Adoration Home Health & Hospice located at 5200 77 Center Drive, Suite 100, Charlotte, Mecklenburg County, NC 28217.

23. Because the substantial part of the events giving rise to the claims in this proceeding occurred in the Western District of North Carolina, venue is proper.

**STATEMENT OF FACTS**

24. Plaintiff began the hiring process with Defendant in late August 2024.

25. Plaintiff provided her resume, proof of bachelor's degree in Psychology, and confirmed that she was enrolled in Walden University's Social Work master degree program.

26. Plaintiff was offered a Social Worker Assistant ("SWA") role on August 30, 2024 in the Charlotte office and successfully completed all pre-employment screening.

27. Plaintiff was employed by the Defendants as a SWA from October 7, 2024 through October 13, 2025.

28. While employed by Defendants as an SWA, Plaintiff's duties included duties not typical for a SWA such as unsupervised home visits and charting patient notes.

29. During her employment for Defendants, Plaintiff was held out as a social worker to patients and their families, including having the title of "Social Worker" listed on business cards provided to her by the Defendants.

30. At some point prior to October 13, 2025, Defendants determined that because the SWAs duties were substantially similar to social workers, all SWA would be required to have a social worker license ("License") under North Carolina General Statute §90B (N.C.G.S. § 90B).

31. On October 13, 2025, all non-Licensed SWA, including Plaintiff, were informed without warning that they would be suspended without pay.

32. On October 17, 2025, Plaintiff was placed on an involuntary leave of absence (the "ILOA") for a twelve-week period with the stated purposed of getting a License. This ILOA was without warning and without pay and was due to no fault of Plaintiff.

33. The twelve-week ILOA period is an insufficient amount of time for someone to receive the requisite bachelors, master, or doctoral degree in social work and complete the qualifying examination as required under N.C.G.S. 90B-7.

34. Because she was placed under an involuntary leave of absence, Plaintiff did not qualify for unemployment during the twelve-week period.

**FIRST CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

35. The proceeding paragraphs are incorporated herein.

36. Defendants are reputable corporations for the providing of hospice care, as well as, formerly Plaintiff's employer.

37. Defendants, acting in a professional capacity through their agents, informed Plaintiff that her duties would be that of an assistant to social workers rather than as a social worker.

38. The job description when Plaintiff applied for the position did not include duties typically reserved for Licensed social workers such as unsupervised home visits and charting patient notes.

39. The duties originally described in the job description distributed by Defendants do not list duties which would require a License.

40. Defendants failed to express a reasonable level of care in assigning Plaintiff to perform duties both beyond the scope of her employment and legal capacity.

41. Defendants intended to guide Plaintiff's actions by assigning her duties which were beyond the scope of her employment and would require a License.

42. Plaintiff justifiably relied on Defendants' representations.

43. Plaintiff has suffered damages from Defendants misrepresentations in the form of: the loss of her position with Defendants; an inability to receive unemployment benefits during the ILOA; and potential harm to her ability to seek future employment in the area of social services due to her history of unknowingly practicing social work without a License.

44. Plaintiff's reliance on Defendant's false representation has caused Plaintiff damages in an excess of $150,000 USD.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

45. The proceeding paragraphs are incorporated herein.

46. Defendants as Plaintiff's employers owed her a duty of care, which included an obligation to not require activities which an employee cannot legally perform.

47. Defendants breached their duty to Plaintiff when they required she performed services outside her professional scope and wrongfully terminated her when they realized they could not legally continue to use her for services beyond the scope of her duties as a SWA.

48. Plaintiff has suffered damages from Defendants breach in the form of: the loss of her position with Defendants; an inability to receive unemployment benefits during the ILOA; and potential harm to her ability to seek future employment in the area of social services due to her have unknowingly practiced social work without a License.

49. Defendants actions are the proximate cause of damage to the Plaintiff as they required she perform duties outside the scope of her role and then terminated her at no fault of her own when they realized they could not continue to have her perform the duties of an unlicensed social worker as a SWA.

50. The Defendants' negligence has harmed Plaintiff and caused damages in amounts in excess of $150,000 USD.

**WHEREFORE,** Plaintiff respectfully prays the Court as follows:

1. That Plaintiff have and recover compensatory damages of $150,000 plus interest at the legal rate of 8% from the date of breach in this action until paid:
2. Plaintiff recover punitive damages against Defendant in an amount to be determined at trial;
3. Plaintiff recover from the Defendant the costs incurred in this action, including reasonable attorney's fees as allowed by law; and
4. For such other relief as the Court deems just and proper.

This the 25th day of September, 2026.

Respectfully submitted,

By: /s/ William Culpepper
Bridgehouse Law LLP
William Culpepper
Attorney for Plaintiff
N.C. State Bar No. 30597
112 South Tryon St.
Tryon Plaza, Suite 1100
Charlotte, NC 28284
Telephone: (980) 219-5228
Email: william.culpepper@bridgehouse.law